**SO ORDERED.**

**SIGNED this 20 day of June, 2006.**

_____
**A. Thomas Small**
**United States Bankruptcy Judge**

_____

```
               UNITED STATES BANKRUPTCY COURT
               EASTERN DISTRICT OF NORTH CAROLINA
                      RALEIGH DIVISION


IN RE:                              CASE NO.

ROBERT RICCARDI                     05-03316-5-ATS

     DEBTOR


GE MONEY BANK                       ADVERSARY PROCEEDING NO.

     Plaintiff                      S-05-00154-5-AP

     v.

ROBERT RICCARDI

     Defendant.
```

MEMORANDUM OPINION

The trial of this adversary proceeding to determine, pursuant to 11 U.S.C. § 523(a)(2), the dischargeability of a debt owed by the chapter 7 debtor, Robert Riccardi, to the plaintiff, GE Money Bank, was held in Raleigh, North Carolina on June 13, 2006. For the reasons that follow, the debt is nondischargeable in the amount of $1,621.62, and the balance of the debt is dischargeable.

Robert Riccardi filed a petition for relief under chapter 7 of the Bankruptcy Code on August 10, 2005.  Prior to filing, Mr. Riccardi used his Lowe's credit card, issued by GE Money Bank, to purchase items at Lowe's Home Improvement.  GE Money Bank contends that those items purchased within 60 days prior to the petition date are luxury goods in excess of $1,225 or that the extension of credit was obtained by false pretenses, a false representation, or actual fraud.

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.  This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(I), which this court may hear and determine.

Section 523(a)(2) excepts from discharge any debt

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by--
>
>   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>
>                    * * *
>
>   (C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $1,225 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this title . . . are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor . . . .

2

11 U.S.C. § 523(a)(2).

Mr. Riccardi's purchases at Lowe's included fencing, tools, nails, caulk, siding accessories, outdoor lighting, grass and pool chemicals, roof flashing, locks, and patio furniture.  Lowe's contends that these are consumer debts for luxury goods.  While Mr. Riccardi admitted that the patio furniture was purchased as a gift for his son, he testified that the remaining items, possibly with the exception of the lawn and pool chemicals, were purchased in connection with his home improvement business.

In determining whether items meet the definition of "luxury goods," this court has previously considered whether the items are "extravagant, indulgent or nonessential" and "whether the items purchased served any important family function and evidenced some fiscal responsibility." Hudson Belk Co. v. Williams (In re Williams), 106 B.R. 87, 89 (Bankr. E.D.N.C. 1989) (citations omitted).  In Williams the court also considered that the items in question were purchased as gifts.  Williams, 106 B.R. at 89.

The patio furniture purchased by Mr. Riccardi as a gift for his son serves no important family function and may be considered indulgent and nonessential.  It was purchased on June 26, 2005, within 60 days of the petition date, and its purchase price exceeded $1,225.  The court finds that GE Money Bank met its burden of proving that the patio furniture is presumptively nondischargeable under § 523(a)(2)(C) in the

3

amount of $1,621.62.  The court further finds that GE Money Bank did not meet its burden of proving that the other items were "luxury goods," and now turns to § 523(a)(2)(A) to determine whether the balance of the debt is otherwise nondischargeable.

GE Money Bank contends that the remainder of the debt was incurred by the debtor when he had no intent to repay.  In support of its argument, GE Money Bank showed that no purchases were made on the account in the months of February, March, April, or May, but in the month of June, Mr. Riccardi charged over $8,000 to the Lowe's account.  GE Money Bank contends that Mr. Riccardi knew as early as June 9, 2005, that he intended to file bankruptcy (based on Mr. Riccardi's Statement of Financial Affairs, which shows that he paid $500 to his bankruptcy attorney on June 9, 2005), and that all of the charges were made after the meeting with the attorney.  GE Money Bank noted that Mr. Riccardi made several charges on the same day, that Mr. Riccardi was in poor financial condition when he made the charges, and that he charged just up to his credit limit.  GE Money Bank contends that these facts establish that the debt is nondischargeable using the factors set forth in First Card Services, Inc. v. Koop (In re Koop), 212 B.R. 106, 109 n.1 (Bankr. E.D.N.C. 1997) (citing In re Eashai, 87 F.3d 1082 (9th Cir. 1996)).

Mr. Riccardi explained the situation differently. Mr. Riccardi worked as a home improvement subcontractor.  He was working on a job in

4

Charleston, South Carolina, on which Norandex/Reynolds was his supplier.  The general contractor on the project failed to pay Mr. Riccardi, and Mr. Riccardi was unable to pay Norandex.  Norandex filed suit against Mr. Riccardi and his company and cut off one of Mr. Riccardi's supply sources.  Mr. Riccardi hoped that he would be able to resolve the lawsuit by recovering some payment from the general contractor and settling with Norandex, but all hopes of settlement failed during the summer of 2005, prompting Mr. Riccardi to file his bankruptcy petition.  Mr. Riccardi testified that his consultation with his attorney on June 9, 2005, was related to the pending litigation and not to filing bankruptcy.

Mr. Riccardi also testified that he often purchased supplies somewhere other than Lowe's, using a Chase Visa credit card.  In fact, Mr. Riccardi paid the Chase Visa card in full in June 2005.  In June, the supplies he needed were available at Lowe's, and he made the purchases there on the account at issue.  He also noted that he made a partial payment on the account to Lowe's.  Mr. Riccardi contends that both the payment to Visa and the partial payment to Lowe's are inconsistent with a present intention to file bankruptcy and discharge unsecured debts.

The court finds that GE Money Bank failed to carry its burden of proof of showing that Mr. Riccardi obtained the credit by false pretenses, false representation or fraud.  The purchases made were

5

consistent with Mr. Riccardi's ongoing business and the sudden change in suppliers was explained by the cancellation of his Norandex account. Though Mr. Riccardi contacted his attorney prior to incurring the charges, he testified that he consulted with the attorney about matters other than bankruptcy, and that no decision to file was made until it was apparent that the Norandex litigation would not be resolved.

Based on the foregoing, the debt incurred for the purchase of patio furniture is nondischargeable pursuant to § 523(a)(2)(C) in the amount of $1,621.62, and the remaining debts owed by the debtor to GE Money Bank are not nondischargeable pursuant to § 523(a)(2)(A).

A separate judgment will be entered.

**END OF DOCUMENT**